UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NAVINBHAI ALURIA, : | |
|     Plaintiff, : | |
| v. : | 3:12-cv-1443 (WWE) |
| : | |
| EDWARD W. JURGELAS, : | |
| STATE MARSHAL COMMISSION, : | |
| DEPARTMENT OF ADMIN. SERVICES, : | |
| and JOHN DOES 1-10, : | |
|     Defendant. : | |

## RULING ON MOTION TO DISMISS

Plaintiff Navinbhai Aluria, pro se, has brought this action challenging the foreclosure of his home pursuant to an order issued by the Connecticut Superior Court in March 2011. Plaintiff names the Connecticut State Marshal Edward Jurgelas, who served the Execution for Ejectment, the State Marshal Commission, the Department of Administrative Services, and Does 1-10. Plaintiff alleges violations of due process and the Fourth Amendment, violation of the Fair Debt Collections Practices Act, and intentional infliction of emotional distress.

Now pending is a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the following reason, this Court will grant the motion to dismiss.

### DISCUSSION

A.  Lack of Subject Matter Jurisdiction

A pro se party is held to less stringent standards than formal pleadings drafted by lawyers. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).

1

Additionally, the Court must liberally construe the submissions and interpret them to raise the strongest arguments that they suggest. Diaz v. United States, 517 F.3d 608, 613 (2d Cir.2008). However, pro se status does not excuse a party from compliance with the rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983).

The existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

In this instance, plaintiff has not filed an opposition to the motion to dismiss despite notice that failure to do so may result in the Court granting the motion to dismiss. However, any objection to the motion to dismiss would be futile because this Court lacks jurisdiction to review plaintiff's claims.

1. Rooker-Feldman

The Rooker-Feldman doctrine is a jurisdictional bar to plaintiff's challenge of a state court judgment in federal court. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983). For it to apply, (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff

must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007).

Here, plaintiff alleges that his eviction due to the foreclosure is a violation of his due process and Fourth Amendment rights. Thus, he complains of injuries caused by the judgment entered against him in the foreclosure action that he lost in state court. Plaintiff's action invites this court to review and reject the judgment rendered in the foreclosure action prior to plaintiff's commencement of this action. Thus, plaintiffs challenge to a judgment of foreclosure issued by the state superior court satisfies the Rooker-Feldman factors, and the Court lacks subject matter jurisdiction to resolve plaintiff's request for relief. See Saferstein v. Lawyers' Fund for Client Protection, 223 Fed. Appx. 39 (2d Cir. 2007); Gunn v. Ambac Assur. Corp., 2012 WL 2401649, *12 (S.D.N.Y. 2012) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker–Feldman doctrine."). Even where a plaintiff alleges that a state court judgment was procured by fraud, Rooker-Feldman will divest the federal court of jurisdiction. Done v. Wells Fargo Bank, N.A., 2009 WL 2959619, *3 n.6 (E.D.N.Y. 2009).

Accordingly, plaintiff's claims challenging the foreclosure action must be dismissed.

### Eleventh Amendment

Further, plaintiff's federal constitutional claims against the state agencies or against Marshal Jurgelas in his official capacity are barred by the immunity of the

Eleventh Amendment, which bars federal courts from entertaining damages suits brought by a private citizen against a state without the state's consent. Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2002). Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). Further, Eleventh Amendment protection also extends to state officials sued in their official capacity. Kentucky v. Graham, 473 U.S. 159, 169 (1985). 42 U.S.C. § 1983, the statutory vehicle for bringing constitutional claims to federal court, does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979). In this instance, plaintiff's claims for damages against the state agencies and Marshal Jurgelas in his official capacities must be dismissed on Eleventh Amendment grounds.

    B.    <u>Failure to State a Claim</u>

Defendant argues that plaintiff's allegations fail to state a claim. The Court agrees that defendant Marshal Jurgelas is entitled to qualified immunity on the constitutional claims alleged against him and that plaintiff has failed to state claims for violation of the Fair Debt Collection Practices Act and for intentional infliction of emotional distress.

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779

(2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).  A qualified immunity defense is established where "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998).

    1.    <u>Qualified Immunity</u>

Plaintiff alleges that Marshal Jurgelas violated his constitutional rights by serving him with an Execution of Eviction that "was not signed under oath as required by the Fourth Amendment to the Constitution ..." and by serving the Execution of Eviction prior to the disposition of an alleged action he has brought against Deutsche Bank to "quiet title" to his premises in violation of the Fifth Amendment.

The doctrine of qualified immunity recognizes that "reasonable mistakes can be made as to the legal constraints on particular ... conduct." Saucier v. Katz, 533 U.S. 194, 205 (2001).  Qualified immunity applies if the official's mistake as to what the law requires is reasonable.  Id.  It does not apply if, on an objective basis, it is obvious that no reasonably competent official would have taken the actions of the alleged violation. Malley, 475 U.S. at 341.

The Execution of Ejectment was signed by an assistant clerk of the court, and such individuals have been given the power to certify to the authority of any judge of the Superior Court.  Conn. Gen. Stat. § 51-52a(d).  Accordingly, it satisfies the requirements of the Fourth Amendment for intrusions upon an individual's legitimate expectations of privacy as a warrant from a neutral magistrate, and no Fourth Amendment violation occurred.  United States v. Buettner-Janusch, 646 F.2d 759, 764 (2d Cir. 1981).  To the extent that the Execution of Ejectment was deficient and a violation may have occurred, defendant Jurgelas acted reasonably in relying on its sufficiency when he performed service of the Execution of Ejectment.

Similarly, the Court finds no violation of the Fifth Amendment as alleged by plaintiff.  Dusenbery v. United States, 534 U.S. 161, 167 (2002) (Fifth Amendment applies only to the actions against the federal government).  To the extent plaintiff alleges a violation of due process pursuant to the Fourteenth Amendment and a violation may have occurred, defendant Jureglas's conduct, as alleged by the complaint, was reasonable and qualified immunity applies.

6

2. <u>Fair Debt Collections Practices Act</u>

Plaintiff has failed to establish a plausible claim under the Fair Debt Collections Practices Act, which generally seeks to protect unsophisticated consumers from unscrupulous "debt collectors," although mortgage foreclosure proceedings are not considered "debt collectors" for purposes of the statute.  <u>Gabriele v. Am. Home Mortg. Svcing., Inc.</u>, 2012 WL 5908601, *7 n1 (2d Cir. 2012); <u>Derisme v. Hunt Leibert Jacobson P.C.</u>, 860 F. Supp. 2d 311, 327 (D. Conn. 2012).  Section 1692f represents the exception to the general rule that mortgage foreclosure falls outside the scope of the Fair Debt Collections Act.  However, plaintiff's allegations do not fall within the only possibly applicable section of the statute, 15 U.S.C. § 1692f(6), which prohibits [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –– (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."  Accordingly, this claim will be dismissed for failure to state a claim.

3. <u>Intentional Infliction of Emotional Distress</u>

Liability for intentional infliction of emotional distress requires conduct exceeding all bounds of decent society and which is calculated to cause, and does cause, mental distress of a very serious kind.  <u>DeLaurentis v. New Haven</u>, 220 Conn. 225, 266-67 (1991).  Connecticut courts have narrowly defined the boundaries of extreme and outrageous conduct.  See <u>Grasso v. Connecticut Hospice, Inc.</u>, 138 Conn. App. 759,

2012 WL 4872783, *8 (Oct. 23, 2012) (citing cases finding no intentional infliction of emotional distress).   Plaintiff's allegations concerning Marshal Jurgelas's service of an Execution of Ejectment does not satisfy the standard of extreme and outrageous conduct.

## CONCLUSION

For the foregoing reasons, upon review of the merits and absent objection, the motion to dismiss is GRANTED [doc. #13].

The clerk is instructed to close this case.


Dated at Bridgeport, Connecticut, this 23rd day of May, 2013.

```
            /s/
        Warren W. Eginton
        Senior United States District Judge
```